FILED
SEP 1 4 2005
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TRITON MARINE CONSTRUCTION CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant | NO. 05-993C<br><br>COMPLAINT FOR DAMAGES |

COMES NOW plaintiff, Triton Marine Construction Corporation ("Triton Marine"), through its undersigned counsel, and for complaint against defendant alleges as follows:

## I. PARTIES

1. At all times material hereto, plaintiff Triton Marine was, and now is, a corporation duly organized and registered under the laws of the State of Virginia, fully qualified and having paid all the necessary license fees due, with its principle place of business in Bremerton, Washington.

2. The Department of the Army, Corps of Engineers ("Corps") is an agency of the United States of America.

## II. JURISDICTION

3. Plaintiff realleges and incorporates each and every allegation contained in the preceding paragraphs.

4. In May of 1999, the Corps awarded Contract No. DACA05-99-C-0033 titled "Gas Turbine Engine Test Cell, Hill Air Force Base, Utah" (the "Contract") to Triton Marine. The

Contract was for the construction of a new Gas Turbine Engine Test Cells Facility at the Hill Air Force Base in Utah as part of the BRAC project transfer from Kelly Air Force Base.

5. On or about April 26, 2004, Triton Marine submitted a certified claim totaling $1,422,293 to the Contracting Officer for the project, in accordance with the Contracts Dispute Act of 1978, 41 U.S.C. § 601, et seq. On September 20, 2004, the Contracting Officer entered a final decision partially denying Triton Marine's certified claim. The Corps has refused to timely issue a final decision on the remaining claims and, therefore, the remaining claims are deemed denied.

6. Venue and jurisdiction is vested in the United States Court of Federal Claims pursuant to 28 U.S.C. 1491(a)(1) and 41 U.S.C. 609(a)(1).

## III. **FACTS**

7. Plaintiff realleges and incorporates each and every allegation contained in the preceding paragraphs.

8. On May 25, 1999, the Corps awarded the Contract to Triton Marine.

9. During the course of construction, the Corps constructively changed the Contract requirements and significantly impacted and delayed Triton Marine's performance.

10. Triton Marine's claim cost summary includes, but is not limited to, the acoustic panels change directive, acoustic panels added membrane, acoustic panels rejection, the fill-compaction problem, relocation of existing switch, industrial waste system requirement to add-p-traps, square versus round exhaust duct, GTE mufflers versus stainless steel, CCMS Dorsett

compatibility issue, loss of efficiency, schedule delay, extended overhead, and recovery of liquidated damages.

11. Triton Marine proposed a built-in-place method of constructing the panel system which was rejected by the Corps. The Corps imposed additional constraints on Triton Marine which were not required under the Contract and caused compensable additional costs and delays.

12. Triton Marine was directed by the Corps to add a plastic membrane between the insulation and the outer perforated stainless steel skin on the acoustic panels which was not required under the Contract. This change resulted in compensable additional costs and delay to the Contract.

13. During the course of the work, Triton Marine was required to remove and replace the previously installed acoustic panels by the Corps. Triton Marine incurred additional costs and delays while waiting for the replacement material to arrive.

14. During construction, Triton Marine encountered a changed condition with respect to the suitability of the soils under the footprint of the Test Cell Facility. The Contract documents provided specific soil identity factors, and allowable capacities, which differed materially with the actual conditions encountered in the field. The actual conditions encountered required additional over-excavation and compaction.

15. At the Corps' direction, Triton Marine relocated an existing switch which was not required under the Contract.

16. During the course of construction, the Corps required Triton Marine to install P-Traps. The P-Traps were not required to be installed pursuant to the Contract and they were

commercially unavailable. The Corps constructively changed the Contract by not allowing Triton Marine to design the Project in accordance with the applicable codes, contract requirements and physical requirements of the Project.

17. The Contract documents required Triton Marine to furnish round GTE exhaust stacks. Notwithstanding, the Corps directed Triton Marine to provide rectangular exhaust stacks.

18. Pursuant to the Contract, Triton Marine installed IAC 12 ft. tall mufflers. The Corps directed Triton Marine to remove and replace said mufflers with newly required 4 ft. mufflers.

19. The Contract required Triton Marine to provide a Central Control and Monitoring System which Triton Marine provided. While the system was compatible with the Dorsett System, the Corps directed Triton Marine to spend additional time researching its compatibility which resulted in additional costs and delays.

20. As a direct result of the aforementioned issues, Triton Marine incurred significant additional costs, loss of efficiency and delays on the project. Because of these Corps' delays and impacts, Triton Marine completed the Contract work late.

## IV. BREACH OF CONTRACT

21. Plaintiff realleges and incorporates each and every allegation contained in the preceding paragraphs.

22. Based upon the aforementioned issues, the Corps breached the Contract with Triton Marine.

23. The Corps breached the Contract with Triton Marine inter alia:

a. By constructively changing the Contract requirements;

b. By failing to provide accurate soils information which was materially different than the actual soils encountered, and thereby constituting a differing site condition;

c. By hindering Contract performance and violating the duty not to hinder or delay Contract performance;

d. By failing to reimburse and grant a time extension to Triton Marine for said constructive changes and delays;

e. By assessing liquidated damages for delays and impacts caused by the Corps or otherwise excusable; and

f. By breaching its obligations of good faith and fair dealing.

24. As a result of the Corps' breach of Contract, Triton Marine has suffered damages in an amount to be proven at trial.

## V. RELIEF REQUESTED

WHEREFORE, plaintiff Triton Marine prays for judgment against defendant Corps as follows:

1. For damages in an amount to be proven at trial;
2. For a time extension in an amount to be proven at trial;
3. For remission of liquidated damages;
4. For prejudgment and post judgment interest at the highest rate allowed by law;
5. For costs and attorneys' fees incurred herein; and
6. For such other and further relief as this Court deems as just and equitable.

DATED this 13 day of September, 2005.

CARNEY BADLEY SPELLMAN, P.S.

By Stephen L. Nourse

Stephen L. Nourse
CARNEY BADLEY SPELLMAN, P.S.
700 Fifth Avenue, Suite 5800
Seattle, WA 98104-5017
(206) 622-8020
email: nourse@carneylaw.com
Attorneys for Triton Marine
Construction Corporation

*Of Counsel:*
John C. Dippold
CARNEY BADLEY SPELLMAN, P.S.
700 Fifth Avenue, Suite 5800
Seattle, WA 98104-5017
(206) 622-8020
email: dippoldj@carneylaw.com