IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TRITON MARINE CONSTRUCTION CORPORATION,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | ) | No. 05-993C<br>(Judge Block) |

**DEFENDANT'S ANSWER**

For its answer to the plaintiff's complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

3. Defendant's responses to paragraphs 1 through 2 of the complaint are incorporated by reference.

4. Admits the allegations contained in paragraph 4 to the extent supported by document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

5. Admits the allegations contained in the first and second sentences of paragraph 5 to the extent supported by documents cited, which is the best evidence of their contents; otherwise denies the allegations contained in the first and second sentences of paragraph 5. The allegations

contained in the third sentence of paragraph 5 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied..

6. The allegations contained in the paragraph 6 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7. Defendant's responses to paragraphs 1 through 6 of the complaint are incorporated by reference.

8. Admits.

9. The allegations contained in the paragraph 9 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. Admits the allegations contained in paragraph 10 to the extent supported by document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 10.

11. Admits the allegations contained in the first sentence of paragraph 11. The allegations contained in the second sentence of paragraph 11 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12. Admits the allegations contained in the first sentence of paragraph 12 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 12. The allegations contained in the second sentence of paragraph 12 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

13. Admits the allegations contained in the first sentence of paragraph 13. Denies the allegations contained in the second sentence of paragraph 13.

14. The allegations contained in the first and second sentences of paragraph 14 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the third sentence of paragraph 14.

15. The allegations contained in the paragraph 15 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

16. Admits the allegations contained in the first sentence of paragraph 16. The allegations contained in the second and third sentences of paragraph 16 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17. The allegations contained in the first sentence of paragraph 17 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 17.

18. The allegations contained in the first sentence of paragraph 18 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 18.

19. Admits the allegations contained in the first sentence of paragraph 19 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19. The allegations contained in the second sentence of paragraph 19 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

20. The allegations contained in the paragraph 20 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

21. Defendant's responses to paragraphs 1 through 20 of the complaint are incorporated by reference.

22. The allegations contained in the paragraph 22 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

23. The allegations contained in the paragraph 23 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

24. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 23, or to any relief whatsoever.

25. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

26. Plaintiff's claim is barred by payment.

27. Plaintiff's claim is barred by estoppel.

28. Plaintiff's claim is barred by accord and satisfaction.

WHEREFORE, defendant request that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ David R. Feniger
DAVID R. FENIGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Tel. (202) 307-3390
Fax (202) 305-2118
Attorneys for Defendant

November 14, 2005