IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TRITON MARINE CONSTRUCTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 05-993C<br>(Judge Block) |

**JOINT PRELIMINARY STATUS REPORT**

In accordance with RCFC 16 and Appendix A to this Court's Rules, the parties respectfully submit the following joint preliminary status report. The lettered and numbered paragraphs below correspond with the lettered and numbered paragraphs of Paragraph 4 and 5, Part III of Appendix A.

Paragraph 4

**a. Does the court have jurisdiction over the action?**

Plaintiff asserts jurisdiction pursuant to the Contract Disputes Act, 41 U.S.C. § 601 et seq. The Government is presently unaware of any basis upon which to challenge the Court's jurisdiction.

**b. Should the case be consolidated with any other case and the reason(s) therefore?**

The parties agree that this case should not be consolidated with any other case.

**c. Should trial of liability and damages be bifurcated and the reasons therefore?**

The parties agree that the trial of liability and damages should not be bifurcated.

**d. Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal and the reasons therefore?**

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

**e. In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefore and the proposed duration?**

The parties agree that no remand or suspension will be sought.

**f. Will additional parties be joined and, if so, a statement describing such parties, their relationship to the case, and the efforts to effect joinder and the schedule proposed to the effect joinder?**

The parties contemplate that no other parties are going to be joined in this action at this time.

**g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56 and, if so, a schedule for the intended filing?**

At this time, the parties cannot state whether dispositive motions will be filed. Either before or after the close of discovery has been completed, either party may submit motions or cross-motions for summary judgment pursuant to RCFC 56. The parties shall file such dispositive motions no later than 30 days after the close of discovery.

**h. What are the relevant issues?**

Both parties believe that the following issue is relevant:

If the Government breached the contract, whether plaintiff is entitled to damages, and if so, how much.

The plaintiff believes that the following issues are relevant:

1. Whether the Government breached the Contract with plaintiff inter alia:

(a) By constructively changing the Contract requirements;

(b) By failing to provide accurate soils information which was materially different than the actual soils encountered, and thereby constituting a differing site condition;

(c) By hindering Contract performance and violating the duty not to hinder or delay Contract performance;

(d) By failing to reimburse and grant a time extension to Triton Marine for said constructive changes and delays;

(e) By assessing liquidated damages for delays and impacts caused by the Corps or otherwise excusable; and

(f) By breaching its obligations of good faith and fair dealing.

The Government contends that the following issues are relevant:

1. Whether the Government constructively changed the contract requirements.

2. Whether the soils information provided in the solicitation differed materially from the actual soils encountered, thereby constituting a differing site condition.

3. Whether the Government properly assessed liquidated damages for delays caused by the contractor.

**i. What is the likelihood of settlement?**

At this time, the parties cannot state whether this case can be settled. If deemed warranted, the parties will pursue settlement negotiations as the litigation progresses.

**j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?**

As stated above, after discovery has been completed, the parties may submit motions or cross-motions for summary judgment pursuant to RCFC 56. If dispositive motions are not submitted, or if they are not completely dispositive of this action, the parties anticipate proceeding to trial. At this time, the parties do not request expedited trial scheduling. The plaintiff requests that trial be held in Seattle, Washington. The Government requests that trial be held in Salt Lake City, Utah.

**k. Are there special issues regarding electronic case management needs?**

At this time, the parties agree that there are no special issues regarding electronic case management needs.

**l. What is the proposed discovery plan?**

Counsel for both parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and depositions. The plaintiff proposes a discovery deadline of August 31, 2006, an expert witness disclosure deadline and expert witness report deadline of September 15, 2006, and an expert witness discovery completion date of October 15, 2006. The defendant proposes a discovery deadline of December 31, 2006, an

expert witness disclosure deadline and expert witness report deadline of February 15, 2007, and an expert witness discovery completion date of March 1, 2007.

Respectfully submitted,

s/ Stephen L. Nourse
CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-5017
Tel. (206) 622-8020

Attorneys for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ David R. Feniger
DAVID R. FENIGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Tel. (202) 307-3390
Fax (202) 305-2118
Attorneys for Defendant

January 5, 2006